1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

UNITED STATES OF AMERICA,

8

Plaintiff,

NO: 1:14-CR-2031-TOR

9

v.

10

VICENTE ZUNIGA-TORRES,

11

Defendant.

ORDER DENYING MOTION TO
VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255

12

13      BEFORE THE COURT is Defendant's Notice and Motion of Timely

14  *Johnson* Retroactivity Claim and Preservation of Right Filed Defensively (ECF

15  No. 44).  Defendant is proceeding *pro se*.  The Court has reviewed the record and

16  files herein, and is fully informed.  For the reasons discussed below, the Court

17  denies Defendant's Motion.

18  //

19  //

20  //

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

# BACKGROUND

On September 24, 2007, Mr. Zuniga-Torres was sentenced to 57 months incarceration and a 5-year term of supervised release, in the District of New Jersey, after pleading guilty to Conspiracy to Possess with Intent to Distribute 500 grams or More of Cocaine, in violation of 21 U.S.C. §§846, and 841(a)(1). Defendant was released from custody and eventually deported on or about June 1, 2011.

Defendant's term of supervised release commenced in the District of New Jersey on July 9, 2010.

Thereafter, Defendant was found guilty of vehicular assault in Yakima County Superior Court, case number 13-1-00263-4, on November 8, 2013. A Washington State Patrol investigation showed Defendant caused a three-vehicle accident in Yakima County on February 16, 2013, that seriously injured four people.

On February 17, 2013, federal immigration authorities located Defendant at the Yakima County Jail, without permission to be in the country, another violation of Defendant's supervised release terms.

On March 31, 2014, the Eastern District of Washington accepted transfer of jurisdiction of Defendant's supervision from New Jersey. On April 3, 2014, Defendant was charged with these two violations of his supervised release. ECF No. 12.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

On March 24, 2015 the Court revoked Defendant's term of supervised release and sentenced him to an 18-month prison term consecutive to his sentence in case number 13-CR-2080-TOR-1.  ECF No. 28.  The advisory guidelines were calculated based on these Grade A violations but in no respect were the guidelines influenced or calculated based on the definition of crime of violence contained in U.S.S.G. § 4B1.2(a)(2) (". . . or otherwise involves conduct that presents a serious potential risk of physical force against the person of another").   This so-called residual clause is worded identical to the residual clause which was the subject of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (18 U.S.C. § 924(e)(2)(B)(ii)), the case upon which Defendant relies as the basis for his section 2255 motion.  *See* ECF No. 44 at 1.

## DISCUSSION

### A. Motion to Vacate, Set Aside or Correct Sentence

While Defendant styles his motion as a Notice and Motion of Timely *Johnson* Retroactivity Claim, the body of his motion reveals Defendant specifically invokes the provisions of 28 U.S.C. § 2255.  See ECF No. 44 at 1.  Thus, the Court considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.  Rule 4 provides that the Court "must promptly examine [the motion].  If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

Here, Defendant is plainly not entitled to relief.  The calculation of the advisory guidelines for this revocation of supervised release proceeding did not involve the residual crime of violence definition in any manner whatsoever.

Accordingly, because Defendant has failed to demonstrate any conceivable grounds for relief, his Motion (ECF No. 44) is **DENIED**.

## B. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claim or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 44) is **DENIED**.

2. The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  The Court further certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  This file and the corresponding civil file shall be **CLOSED**.

    **DATED** July 5, 2016.



THOMAS O. RICE
Chief United States District Judge